UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY FRANCES CASALE,

                    Plaintiff,

    v.                                      04-CV-1013
                                          (LEK/RFT)

ARMAND REO, SUPERINTENDENT, ENLARGED
CITY SCHOOL DISTRICT OF TROY, NEW YORK;
HERB DEMBO, COORDINATOR-PUPIL SERVICES,
ENLARGED CITY SCHOOL DISTRICT OF TROY,
NEW YORK; JAMES MATTHEWS, BUSINESS
ADMINISTRATOR, ENLARGED CITY SCHOOL
DISTRICT OF TROY, NEW YORK; ARCHIAH
PHILLIPS, PRESIDENT, BOARD OF EDUCATION,
ENLARGED CITY SCHOOL DISTRICT OF TROY,
NEW YORK; BOARD OF EDUCATION, ENLARGED
CITY SCHOOL DISTRICT OF TROY, NEW YORK;
MARY ELLEN ADAMS, DOROTHY DANIELS, AUSTIN
DEVINE, PATRICIA O'GRADY, MICHAEL
POLLACK, JASON SCHOFIELD, STEPHANIE
SCULLY, AND EDWARD SMITH, MEMBERS OF THE
BOARD OF EDUCATION OF THE ENLARGED CITY
SCHOOL DISTRICT OF TROY, NEW YORK; AND
THE ENLARGED CITY SCHOOL DISTRICT OF
TROY, NEW YORK,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES:**                            **OF COUNSEL:**

Oliver, Oliver Law Firm                 Lewis B. Oliver, Jr., Esq.
156 Madison Avenue
Albany, NY 12202
*Attorneys for Plaintiff*

Girvin, Ferlazzo Law Firm              Gregg T. Johnson, Esq.
20 Corporate Woods Boulevard        Jacinda Hall Conboy, Esq.
2nd Floor
Albany, NY 12211-2350

*Attorneys for Defendants*

LAWRENCE E. KAHN
United States District Judge

## MEMORANDUM-DECISION and ORDER

**I.  INTRODUCTION**

Plaintiff commenced the instant employment-related action asserting claims for violations of various constitutional and statutory rights arising out of her having reported inappropriate behavior by a teacher and Defendants' subsequent decisions to transfer her to a different position, to deny her the use of additional sick leave, and to deny an extension of her leave of absence.  Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12.

**II.  FACTS**

The following facts are taken from the Complaint and, for purposes of this motion, are assumed to be true.

Plaintiff was employed as a teacher's aide at the Doyle Middle School in the Enlarged City School District of Troy, New York (the "District") for approximately twelve years.  In or about June 2001, Plaintiff and another District employee reported to District officials what they believed was inappropriate sexually provocative behavior by another teacher.  The District disclosed Plaintiff's name to the teacher whom they reported to District officials.

In September 2001, Plaintiff was transferred from Doyle Middle School (where she had been for twelve years).  According to Plaintiff, the District "instituted a pattern of punitive transfers of plaintiff to less desirable positions."  Complaint (Dkt. No. 1) at ¶ 30.  Plaintiff was

first transferred to the Carrol Hill Elementary School where she worked as a teacher's aide in the second and third grades during the 2001-2002 school year.

In September 2002, Plaintiff was transferred to School 14 where she worked as a teacher's aide with emotionally disturbed students in kindergarten and first grade during the 2002-2003 school year. According to Plaintiff, the assignment at School 14 is less desirable because working with emotionally disturbed children is more demanding and stressful, and requires additional training and education than working with non-emotionally disturbed children.

After working with the emotionally disturbed children for approximately ten days, Plaintiff began experiencing anxiety and depression. Plaintiff also suffered from a panic attack. Thus, on September 25, 2002, Plaintiff went out on sick leave. On September 27, 2002, Plaintiff was diagnosed as suffering from depression and anxiety and has since been in therapy.

In May 2003, Plaintiff filed a claim for workers' compensation.[1] This claim was based on an injury which occurred on the job because she was injured by stress, depression and panic attacks as a result of being placed in a difficult class with special needs children.

---

[1] The Complaint actually provides a date of May 2002. See Compl. at ¶ 64. However, this date, and other dates in the Complaint, appear to be inaccurate. For example, paragraph 35 of the Complaint states that Plaintiff always enjoyed good mental health prior to September 2002. Paragraph 45, however, states that "Plaintiff has been out on sick leave from her employment from September 25, **2001** to the present because of clinically diagnosed depression and anxiety. . . ." (emphasis added). This is, obviously, inconsistent. The Court will presume that paragraph 45 should refer to a date of September 25, **2002** because Plaintiff's problems appear to have surfaced when she was transferred to School 14 in September 2002.

Thus, it is likely that Plaintiff filed a claim for workers' compensation *after* she suffered anxiety and depression as a result of her transfer to School 14 in September *2002;* not before. Accordingly, the Court presumes that she filed for workers' compensation in 2003. Although this date is important for understanding the sequence of events, it is irrelevant to the ensuing analysis of Defendants' motion.

Plaintiff's application for workers' compensation was initially denied and is currently the subject of an appeal which is pending before a full board of the Workers' Compensation Board.

In January 2003, Plaintiff went on a leave of absence without pay pursuant to the applicable Collective Bargaining Agreement ("CBA").[2] As of September 2003, Plaintiff exhausted her available sick leave. In January 2004, Plaintiff, through her union representative, wrote to Defendant Reo (the District Superintendent) asking that he request that the School Board approve additional sick leave for Plaintiff. In March 2004, the union representative directly contacted Archiah Phillips, President of the Board of Education, and requested that the Board of Education approve use of the sick leave bank for Plaintiff. Plaintiff's request was denied. Plaintiff alleges that, to the best of her knowledge, the District had never before denied a request for additional sick leave. In April 2004, Plaintiff was informed that her leave of absence would expire in June 2004 and that, pursuant to the CBA, she was required to notify the school district within thirty days of the expiration of the leave of absence whether she intended to return to work. Plaintiff responded by requesting an additional leave of absence through June 30, 2005.

The District was advised that it could petition the Troy Civil Service Commission for an extension of Plaintiff's leave of absence. The District made no such petition. In June 2004, Plaintiff was informed that her request for an additional leave of absence was denied. Plaintiff was again informed of her need to advise the District whether she intended to return to work.

---

[2] Although it is unclear, the Court presumes that Plaintiff's "sick leave" is different from the "leave of absence" under the CBA.

Plaintiff then commenced the instant lawsuit asserting the following causes of action:

First Cause of Action: Retaliation pursuant to Title IX, 20 U.S.C. § 1681, et seq. ("Title IX"), and Title VII, 42 U.S.C. § 2000e et seq. ("Title VII"), for Plaintiff's having reported the inappropriate sexual conduct by another teacher by transferring Plaintiff to a less desirable position.

Second Cause of Action: Retaliation by denying additional sick leave for Plaintiff's having reported the inappropriate sexual conduct by another teacher.

Third Cause of Action: Discrimination by denying additional sick leave for Plaintiff's having filed a claim for Workers' Compensation.

Fourth Cause of Action: A violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., by denying Plaintiff additional sick leave.

Fifth Cause of Action: A violation of New York Executive Law § 296 (the "Human Rights Law" or "HRL") by denying Plaintiff additional sick leave.

Sixth Cause of Action: Retaliation for having reported the inappropriate sexual behavior of a teacher in violation of Title IX as evidenced by the denial of her request for an extended leave of absence.

Seventh Cause of Action: Discrimination by denying an additional extended leave of absence for Plaintiff's having filed a claim for Workers' Compensation.

Eighth Cause of Action: A violation of the ADA for failing to approve Plaintiff's request for an extended leave of absence.

Ninth Cause of Action: A violation of the HRL for failing to approve Plaintiff's request for an extended leave of absence.

Tenth Cause of Action: A violation of the First Amendment by retaliating against Plaintiff for her report that a teacher engaged in inappropriate sexual conduct.

Eleventh Cause of Action: A violation of New York Civil Service Law § 75-b by retaliating against Plaintiff for her report that a teacher engaged in inappropriate sexual conduct.

Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12.

**III.      DISCUSSION**

    **a.  Standard of Review**

"'A court may dismiss a complaint [under Federal Rule of Civil Procedure 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). In Swierkiewicz, the Supreme Court rejected this Circuit's practice of requiring a complaint to allege a *prima facie* case of discrimination to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 508-14. The Court held that such a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512 (quoting FED. R. CIV. P. 8(a)). "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted. Id. at 514.

With this standard in mind, the Court will now address Defendants' motion.

    **b.  Individual Liability**

To the extent Plaintiff seeks to recover against the individual defendants under the ADA, Title VII, Title IX, and/or New York Civil Service Law § 75-b, those claims must be dismissed. As Plaintiff concedes (see Pl.'s Mem. of Law (Dkt. No. 37) at 23), there is no individual liability under any of those statutes. See Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995) (Title VII); Koslow v. Commonwealth of Penn., 302 F.3d 161, 178 (3d

Cir. 2002) cert. denied, 537 U.S. 1232 (2003) (ADA); Silk v. City of Chicago, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (same); Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999) (same); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) (same); Ifill v. United Parcel Serv., 2005 WL 736151, at *2 (S.D.N.Y. March 29, 2005) (same); Linder v. City of New York, 263 F. Supp. 2d 585, 595 (E.D.N.Y. 2003) (Title IX); Kirwin v. New York State Office of Mental Health, 665 F. Supp. 1034, 1039 (E.D.N.Y.1987) (Civil Service Law § 75-b).

Defendants also contend that there is no individual liability for claims under New York State Workers' Compensation Law § 120. Plaintiff responds that there should be individual liability because the statute prohibits discrimination by "any employer *or his or her duly authorized agent*." (emphasis added). Pl.'s Mem. of Law (Dkt. No. 37) at 24.

The Court need not address this issue because Plaintiff's exclusive remedy for a violation of section 120 is to seek redress through the Workers' Compensation Board. See Wehling v. Bayex, Inc., 248 A.D.2d 973, 974 (4th Dep't 1998) (holding that a claim under section 120 must be dismissed because it "falls within the exclusivity of the Workers' Compensation Law."); see, generally, N.Y. WORKERS' COMP. LAW § 120. Thus, Plaintiff may not pursue any such violation in this Court in the first instance.

Furthermore, inasmuch as Plaintiff's Workers' Compensation claim is ongoing (see Complaint (Dkt. No. 1) at ¶ 65 noting that the Workers' Compensation claim is currently pending on appeal), a claim in this Court pursuant to section 120 is premature because Plaintiff has failed to exhaust her administrative remedies. Williams v. Brooklyn Union Gas Co., 819 F. Supp. 214, 231 n.12 (E.D.N.Y. 1993).

Even assuming the claim to be properly presented, the Court finds that there is no individual liability under section 120. New York Workers' Compensation Law § 120 provides, in pertinent part, as follows:

> It shall be unlawful for any employer or his or her duly authorized agent to discharge or in any other manner discriminate against an employee as to his or her employment because such employee has claimed or attempted to claim compensation from such employer, or because he or she has testified or is about to testify in a proceeding under this chapter and no other valid reason is shown to exist for such action by the employer. . . .
>
> Upon finding that an employer has violated this section, the board shall make an order that any employee so discriminated against shall be restored to employment or otherwise restored to the position or privileges he or she would have had but for the discrimination and shall be compensated by his or her employer for any loss of compensation arising out of such discrimination together with such fees or allowances for services rendered by an attorney or licensed representative as fixed by the board. Any employer who violates this section shall be liable to a penalty of not less than one hundred dollars or more than five hundred dollars, as may be determined by the board. All such penalties shall be paid into the state treasury. All penalties, compensation and fees or allowances shall be paid solely by the employer. The employer alone and not his or her carrier shall be liable for such penalties and payments.

N.Y. WORKERS' COMP. LAW § 120. Although the statute prohibits an employer "or his or her authorized agent" from discriminating against an employee on account of a claim for workers' compensation, the statute only authorizes relief as against the employer. N.Y. WORKERS'. COMP. LAW § 120 ("Upon finding that an **employer** has violated this section . . ."); ("Any **employer** who violates this section shall be liable to a penalty of not less than one hundred dollars or more than five hundred dollars . . ."); ("The **employer alone** and not his or her carrier shall be liable for such penalties and payments.") (emphases added).  These provisions together with the fact that violations of the statute are to be handled through the

Workers' Compensation Board make it clear that the intent of the statute is to punish the employer for violations of the statute and not individuals working for the employer.

For the foregoing reasons, all claims against the individual defendants pursuant to the ADA, Title VII, Title IX, and/or the Civil Service Law must be dismissed. The claims under the Workers' Compensation Law must be dismissed as to all defendants.

### c.  Claims Under the ADA and Title VII

Defendants seek to dismiss the claims under the ADA and Title VII on the grounds that Plaintiff failed to exhaust her administrative remedies and that they are otherwise time-barred. Plaintiff concedes that she failed to exhaust her administrative remedies and, thus, consents to dismissal of those claims. Accordingly, the claims under the ADA and Title VII are dismissed.

The Court notes that, to the extent Plaintiff claims she may return to the Equal Employment Opportunity Commission ("EEOC") and/or Division of Human Rights ("DHR") and file charges of discrimination concerning her classroom assignment transfers in 2001 or 2002, such claims are time-barred as beyond the three hundred day filing period contained in 42 U.S.C. § 2000e-5(e)(1). The Court rejects Plaintiff's claim that the continuing violation theory applies here. In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court rejected the notion that a continuing violation theory can be applied to discrete acts of unlawful employment practices. As the Morgan Court stated:

> [D]iscrete discriminatory acts are not actionable if time barred, even when
> they are related to acts alleged in timely filed charges. Each discrete
> discriminatory act starts a new clock for filing charges alleging that act.
> The charge, therefore, must be filed within the 180- or 300-day time
> period after the discrete discriminatory act occurred.

Morgan, 536 U.S. at 113.

In this case, Plaintiff's transfers are discrete acts. See Morgan, 536 U.S. at 114 (noting a denial of a transfer as an example of a discrete act); Stepney v. Naperville Sch. Dist. 203, 392 F.3d 236, 240 n.1 (7th Cir. 2004) (noting a transfer and loss of seniority to be discrete acts). Having failed to file a charge of discrimination within three hundred days of those acts, the claims are time-barred.

Plaintiff also contends that her claims of retaliation need not be exhausted. Plaintiff is mistaken. As the Second Circuit has stated:

> Under . . . Title VII . . . a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter. . . . Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII . . . statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court. . . .
>
> We have recognized, however, that claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency. . . . A claim alleging retaliation by an employer against an employee *for filing a discrimination charge* is one type of claim we have recognized as reasonably related to the underlying discrimination charge.

Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (internal quotations and citations omitted) (emphasis added). This rule equally applies to the claims under the ADA.

Here, because Plaintiff never filed a charge of discrimination, it cannot be said that her claims of retaliation are reasonably related to any claims that were filed with the EEOC or the DHR. See Bazile v. City of New York, 64 Fed. Appx. 805, 808 (2d Cir. 2003) ("A plaintiff must exhaust his administrative remedies before suing for retaliation."). Accordingly, the retaliation claims under Title VII and the ADA must be dismissed.

### d. Title IX

Defendants also argue that Plaintiff's Title IX claim must be dismissed because there is no private right of action for retaliation under Title IX. This argument can quickly be rejected by reviewing the Supreme Court's recent ruling in Jackson v. Birmingham Bd. of Educ., 125 S. Ct. 1497 (2005), wherein the Court held that "[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action." Id. at 1504. Accordingly, the Title IX claims will not be dismissed on this ground.

### e. Notice of Claim

Defendants seek to dismiss the state law claims on the ground that Plaintiff failed to file a notice of claim as required by New York General Municipal Law § 50-e. The Court need not address this issue with respect to the claim under Workers' Compensation Law § 120 because that claim has already been dismissed. As to the remaining state law claims under New York Civil Service Law § 75-b and the HRL, those claims must be dismissed.

Pursuant to New York Education Law § 3813(1):

> No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools . . . or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, [or] board of education . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.

N. Y. EDUC. LAW. § 3813(1).

It has been held that the requirement of a notice of claim applies to court actions to vindicate private rights (as opposed to actions before the DHR or actions to vindicate public rights) under the HRL.  See Freudenthal v. County of Nassau, 99 N.Y.2d 285, 292-94 (2003); Mills v. Monroe County, 59 N.Y.2d 307, 308 (1983) ("When an employment discrimination claim is brought against a county under the State . . . civil rights statutes, the failure to file a timely notice of claim shall be fatal. . . .").  Inasmuch as the Education Law requires a notice of claim, Plaintiff is seeking to vindicate her own rights, and she failed to provide such notice, the HRL claims must be dismissed.  See Cavanaugh v. Bd. of Educ. of Huntington Union Free Sch. Dist., 296 A.D.2d 369, 369 (2d Dep't 2002) ("Where, as here, a plaintiff seeks private relief for employment discrimination in violation of the Executive Law, the timely filing of a notice of claim is a condition precedent to suit."); Hoger v. Thomann, 189 A.D.2d 1048, 1049 (3d Dep't 1993).  For the same reasons, the claims under Civil Service Law § 75-b must also be dismissed.  See Rigle v. County of Onondaga, 267 A.D.2d 1088, 1088-89 (4th Dep't 1999); Roens v. New York City Transit Auth., 202 A.D.2d 274, 274-75 (1st Dep't 1994).

### f. Personal Involvement as to the Claims Under 42 U.S.C. § 1983

Defendants next move to dismiss the claims brought pursuant to 42 U.S.C. § 1983 on the ground that the Complaint fails to allege any personal involvement on the part of the individual members of the School Board or that Defendants Reo, Dembo, and Matthews subjected Plaintiff to any adverse employment action.  It is Defendants' contention that the Complaint fails to allege that any Board member or Reo, Dembo or Matthews created a discriminatory policy or took action that resulted in an adverse employment action.  Plaintiff responds that the Complaint adequately alleges that all the defendants, acting individually

and as co-conspirators, affirmatively took unlawful actions or failed to remedy unlawful actions.  Complaint (Dkt. No. 1) at ¶ 16.

Defendants correctly note that "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." Patterson v. County of Oneida, N.Y., 375 F.3d 206, 229 (2d Cir. 2004).  "Personal involvement, within the meaning of this concept, includes not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring." Id.

> Personal involvement of a supervisory official may be established by evidence that: (1) the official participated directly in the alleged constitutional violation, (2) the official, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the official created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the official was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the official exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 254 (2d Cir. 2001) (internal citations, quotations and alterations omitted).

Despite the prolixity of the Complaint, it is lacking in allegations concerning the personal involvement of many of the named defendants.  Rule 8 of the Federal Rules of Civil Procedure, however, does not require fact pleading.  Rather, Rule 8 has been described as requiring only "bare-bones notice pleading." Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005).  As previously discussed, a Complaint is sufficient under

Rule 12 if it gives the defendants fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted.

Therefore, the Complaint adequately alleges violations of her rights under the First Amendment to the United States Constitution.  The Complaint further alleges that the defendants conspired to transfer Plaintiff based on her speech.  As such, these claims may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with these allegations.  Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).  It cannot be said that there are no facts consistent with these allegations that could support a finding of personal involvement.  Plaintiff may have evidence that one or more of the individual defendants were personally involved, individually or in a conspiracy, in the decision to transfer Plaintiff, deny her additional sick leave, or deny her an additional leave of absence.  Whether Plaintiff can muster sufficient evidence to demonstrate personal involvement of each of the defendants must await the completion of discovery and either a properly supported motion for summary judgment or a determination at trial.  Swierkiewicz, 534 U.S. 506 at 512 ("This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").  Accordingly, Defendants' motion to dismiss on this ground is denied.

### g.  **Adverse Employment Action**

Defendants argue that, assuming Plaintiff's speech to be of public concern, she did not suffer an adverse employment action. It is Defendants' contention that, although Plaintiff was transferred, there are no allegations in the Complaint of any material change in her job such as a demotion, reduction is salary, loss of benefits, materially different responsibilities,

etc. Plaintiff responds that Defendants' having disclosed Plaintiff's identity to the teacher about whom she complained and "involuntarily transferred plaintiff from the Doyle Middle Schools . . . to the Carol Hill School, and then to School 14, where she was assigned to work as a teacher's aide with the emotionally disturbed ("ED") students in kindergarten and first grade, an assignment that is acknowledged and known within the education profession to be more demanding, more stressful, and require more special training than working with other children", Pl.'s Mem. of Law (Dkt. No. 37) at 11, constitutes adverse employment action.

To prevail on her First Amendment claim under § 1983, Plaintiff must demonstrate an adverse employment action. Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir. 2004). As the Second Circuit has stated:

> An adverse employment action is a " 'materially adverse change' in the terms and conditions of employment." Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) (quoting Richardson v. N.Y. State Dep't of Corr. Serv., 180 F.3d 426, 446 (2d Cir. 1999)). We have stated that such an action "is one which is 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003) (quoting Galabya v. N.Y. City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)). "Examples of materially adverse changes include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" Id. (quoting Galabya, 202 F.3d at 640).

Fairbrother v. Morrison, 2005 WL 1389894, at *13 (2d Cir. June 14, 2005)**.**

Based on the allegations in the Complaint, it does not appear that Plaintiff has suffered an adverse employment action. According to the Complaint, Plaintiff always worked as a teacher's aide. Although Plaintiff was transferred to a different school (Carol Hill School) and, perhaps, different aged children in September 2001, she continued to work as a teacher's aide. The ensuing transfer to School 14 in September 2002 was, understandably,

more difficult because she was assigned to a classroom with disabled children. Nevertheless, she continued to work as a teacher's aide. The Complaint does not allege any change in pay, benefits, future opportunities, etc. "Without a real change in the conditions of employment, a transfer is only 'a mere inconvenience or an alteration of job responsibilities,' and hence not 'materially adverse.'" Fairbrother, 2005 WL 138984, at *13 (quoting Galabya, 202 F.3d at 640). Although Plaintiff alleges that the position at School 14 was more stressful, "if a transfer is truly lateral and involves no significant changes in an employee's conditions of employment, the fact that the employee views the transfer either positively or negatively does not of itself render the . . . receipt of the transfer an adverse employment action." Id. (internal quotations and alterations omitted). It, thus, does not appear from the allegations in the Complaint that Plaintiff suffered an adverse employment action.

   Notwithstanding this, Defendants' motion in this regard must be denied. As previously discussed, Plaintiff's Complaint need not set forth all facts in support of her claim, nor must she make out a *prima facie* case of First Amendment retaliation. Her Complaint sufficiently puts Defendants on notice of her claim (First Amendment retaliation) and the basis therefor (transfers in retaliation for her complaints about the inappropriate behavior of another teacher). There may be facts that are not alleged in the Complaint (and, pursuant to Rules 8 and 12, need not be alleged) that may support a finding of an adverse employment action. If so, then Plaintiff could recover on this claim. The opportunity to test the sufficiency of Plaintiff's evidence in support of her claim of adverse employment action is at summary judgment or trial.

### h. **Causal Connection**

Defendants next contend that there is no causal connection between Plaintiff's speech and any alleged adverse employment action. In support of this argument, Defendants point out that Plaintiff's protected speech occurred in June 2001, but that she was not transferred to School 14 until September 2002 and not denied sick leave or an extended leave of absence until 2004. In response, Plaintiff appears to be claiming that she has direct evidence of retaliatory animus (rather than to be relying upon temporal proximity to support an inference of causation), apparently based on disparate treatment, but it is unclear what that direct evidence is. Upon reviewing the Complaint, the Court will presume that disparate treatment to be based on Plaintiff's claim that she was the only person to ever be denied additional sick leave.

Looking solely to the facts alleged in the Complaint, there does not appear to be a sufficient connection between any protected speech and the adverse employment action. Although Plaintiff was transferred in September 2001, the Complaint does not allege any change in the terms or conditions of Plaintiff's employment as a result of that transfer (other than the transfer itself). That transfer is not alleged to have entailed more difficult work with a more difficult class of children. Rather, it was the transfer to School 14 in September 2002 that the Complaint alleges to have been the truly adverse employment action. Based on the timing of this subsequent transfer in 2002, the Court is unable to infer any connection with Plaintiff's speech in 2001. See Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988) ("Proof of the causal connection can be established indirectly by showing that the protected activity *was closely followed in time* by the adverse action.") (emphasis added). Moreover, any claimed disparate treatment

occurred long after Plaintiff's June 2001 complaint, thereby dispelling any inference of causation. There is simply too long of a time lapse between the September 2002 transfer and 2004 denial of additional sick leave to make any inference of causation.

Nonetheless, this is a Rule 12 motion and the Complaint asserts a pattern of retaliatory transfers commencing with the September 2001 transfer. September 2001 is in relative close temporal proximity to the June 2001 speech. There may be facts consistent with these allegations proving that the September 2001 transfer was part of a pattern of retaliatory transfers. Thus, although Plaintiff appears to have an uphill battle in proving causation, her claim cannot be dismissed at this time. Again, this issue is better resolved on a motion for summary judgment or at trial.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Third, Fourth, Seventh, Eighth, and Eleventh causes of action are **DISMISSED**. The claims premised on Title IX (which appear to be the First and Sixth Causes of Action) are **DISMISSED** as to all individual defendants.[3] The Fifth and Ninth causes of action are dismissed as to the School District, Board of Education, and as to all official capacity claims, but remain as to all individual defendants. In all other respects, Defendants' motion is **DENIED**.

The First and Sixth Causes of Action remain as to the School District, Board of Education, and as to the individual defendants in their official capacities. The Fifth and Ninth causes of action remain as to the individual defendants only. The Tenth Cause of Action

---

[3] The basis of Plaintiff's Second Cause of Action is unclear. If it is based on Title IX, Title VII, or the ADA, it must be dismissed as to all individuals.

remains as to all defendants.  The Second Cause of action remains only to the extent consistent with this Memorandum - Decision & Order.

    IT IS SO ORDERED.

Dated: July 13, 2005
       Albany, New York

*[signature]*
Lawrence E. Kahn
U.S. District Judge